IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __17-CV-1235__
(To be supplied by the court)

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2017 MAY 19  PM 4:51

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

__Dwayne Hudson, LeAnne Miller__, Plaintiff,

v.

__Aurora Police Officer Mark Simmerman__,

__Dr. Matthew Zuckerman__,

__Dr. Shiloh Smith__,

__Dr. Jessica Slim__,

__Aurora Police Department__,

__University of Colorado Hospital__,

__Aurora Police Detective Steve Crowe__

__Arapahoe County District Attorney__, Defendant(s).

(List each named defendant on a separate line.)

---

**COMPLAINT**

---

(Rev. 07/06)

## PARTIES

1. Plaintiff's <u>Dwayne Hudson, LeAnne Miller</u> is a citizen of <u>United States of America</u> who presently resides at the following address: <u>2201 Lawerence St. Denver, Co 80205</u>   Martins address 2323 Curtis St.

2. Defendant <u>Mark Simmerman</u> is a citizen of <u>United States of America</u> who live(s) at or is/are located at the following address: <u>15001 E. Alameda, Aurora, Co 80012</u>

3. Defendant <u>Matthew Zuckerman</u> is a citizen of <u>United States of America</u> who live(s) at or is/are located at the following address: <u>12605 E. 16 Ave Aurora, Co 80045</u>

(Attach a separate page, if necessary, to list additional parties.)

## JURISDICTION

4. Jurisdiction is asserted pursuant to following statutory authorities:
_____
_____
_____

5. Briefly state the background of your case: On May 20, 2015 Plaintiff's Hudson and Miller at 3pm arrived at University Hospital 12605 E. 16 st in Aurora Colorado to find out about Miller's headaches, which had been occurring off and on since November 2014.
   After physical examinations and a Cat Scan revealed normal skin tone, no abrasions at 4pm, Miller was given an IV for dehydration.
   Miller was frustrated about Doctors leaving her unattended for over two hours and lying to her about how they were for the results of the Cat Scan.
   Miller's unhooked from IV to use restroom, after Miller goes to er waiting room to get Hudson & smoke a cigarette. Hudson and Miller lea smoke a cigarrette and return to hospi
   Unbeknownst to Hudson or Miller Dr. Jr Miller had left called 911 non-emergenc requesting a welfare check be condu
   At 7.26pm, less than one-minute af Call to non-emergency 911, Aurora Po

(Rev. 07/06)                    2

Dr. Matthew Zuckerman
Dr. Shiloh Smith
Dr. Jessica Slim
University of Colorado Hospital

# FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

Aurora Police Officer Mark Simmerman used false and misleading information to arrest Hudson for domestic violence. Simmerman in his warrantless arrest affadavit asked his superiors to, "NOTE: Miller wore a headwrap in her attempt to conceal her head injury and was reluctant to even show me."

Simmerman knew that Miller did not have a head injury and admitted that Miller "did not tell him she had a head injury; the Doctors did not tell him Miller had a head injury it was his assumption" (See July 13, 2015 Preliminary Hearing transcript.

As a result of Simmerman reckless disregard for the truth Plaintiff Hudson was arrested for domestic violence, and forced to sit in jail for ten months and nineteen days until the case was dismissed on March 8, 2016

Simmerman states he arrived at 7:26pm per dispatch which is impossible since dispatch was not sent until 7:57pm also Dr. Jessica Slim in her report states Simmerman was already in the ER for another patient

Simmerman's course of actions were wilful and wanton from the time of his mysterious arrival, to his threatening Hudson with arrest if Hudson did not stay at hospital, to his barging into Miller's hospital room demanding that Miller tell him about a closed domestic investigation on 5/16/2015 that was closed by Aurora Police Sgt. McDonald

There was never a medical exception that would have authorized or justified Simmermans entrance into Miller's room and the fact hospital officials knew of no injuries or their duty under C.R.S. 12-36-135 is clear. Simmerman had no business in er room 54 with a female that he is strip searching and assuming diagnosis' to make good on his threat of arresting Hudson

(Rev. 07/06)                    3

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

Dr. Matthew Zuckerman, Dr. Jessica Slim, Dr. Shiloh Smith Joined in Simmerman's conspiracy to deprive Plaintiff Hudson of his liberty, and Hodson did lose his liberty for over ten and half months,

When Simmerman states that neither Miller nor the Doctors told him of a head injury, that it was his assumption then Dr. Matthew Zuckerman was in a great trespass to sign a Serious Bodily injury report (SBI)

Zuckerman's signing the SBI inspite of the fact Zuckerman made no finding in a manner consistent with the way medical science approves. No reasonable doctor would sign off on a document attesting to facts/unsubstantiated facts that they did not diagnose. Miller had been in er for 4 hours. Zuckerman did not see Miller after 5pm in his evaluation no injury is reported, and had injury been found a reasonable doctor would have followed C.R.S. 12-36-135. Injuries to be reported at once.

Simmerman admits he assumed Miller had head injury Simmerman admits no doctors were ever in er room 54 with him and Miller.

Dr. Zuckerman knew or should have known that he did not diagnose Miller with a concussion via assault Dr. Zuckerman states that he agrees with Dr. Shiloh Smith and Dr. Jessica Slim findings even though each doctor list different dates as to when Miller's headaches began and it is after Simmerman's outrageous conduct that the Doctor's talk about head injuries, hematoma's

(Rev. 07/06)                    4

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

University Hospital failed to properly train its doctors in diagnosing headaches/head injuries and to train them regarding the reporting of Injuries as outlined in 12-36-135 C.R.S. and as a result Plaintiff was injured

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

- Plaintiff request 1.5 million for the conspiracy that led to arrest from each doctor and 1.5 million from Officer Simmerman for his outrageous conduct, reckless disregard for the truth and wilful and wanton behavior leading up to Plaintiffs arrest on domestic violence charges

Plaintiff seeks 3 million dollars in punative damages.

Date: 5/19/2017

Dwayne C. Hudson
(Plaintiff's Original Signature)

2323 Curtis St.
(Street Address)

Denver, CO 80205
(City, State, ZIP)

No phone
(Telephone Number)